IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER E. BRAVOT,

    Plaintiff,                            No. CIV S-05-0113 FCD GGH P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.                    FINDINGS AND RECOMMENDATIONS

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  By order filed on May 25, 2005, some of plaintiff's claims were dismissed but plaintiff was granted leave to amend.  Plaintiff has filed an amended complaint.

        As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Just as did the original complaint, the amended complaint states a colorable claim for relief against defendants Mule Creek State Prison Warden Roseanne Campbell and former Warden Mike Knowles, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), with respect to his allegation that defendants have refused to expunge a memorandum containing false information from his prison record. This court, by concurrent order, has found these defendants appropriate for service as to this claim.

However, as to his claim against other defendants, Correctional Captains R. Robinson and J. Peters; Corr. Lt. C. Lincoln; Corr. Counselor (CC) II's J. Silva, T. Hansen and K. Johnson; Director of (Appeal) Review T. Surges; Assistant Appeals Director N. Grannis; Govt. Claims Board Rep. Kirsten Cantrell; and Board of Claims Program Manager Christina M. Aceinto, plaintiff has failed to cure the defects in his claims against each of them. Once again to the extent that he alleges that any of them failed to expunge his prison file of a confidential

memorandum, dated June 5, 2003, containing false information from an unreliable source related to the accusations against him (resulting in the loss of his prison job), plaintiff does not demonstrate how any of these individuals had any such authority.  Plaintiff does attempt to set forth facts, seeking to implicate these defendants as having acted in retaliation by having placed, kept or failed to remove false information from his prison file and by having him removed from his job.  However, it appears that plaintiff is now seeking to proceed on claims of retaliation for which he has provided no foundation in an effort to proceed against these defendants for conduct that does not rise to the level of a constitutional deprivation.

The gravamen of plaintiff's amended complaint, as was that of the original complaint, is that his due process rights were violated when he was deprived of his Prison Industry Authority (PIA) job at Mule Creek State Prison (MCSP) as a sewing machine operator after an inmate Brownsworth reported that his assigned tweezers were stolen or otherwise missing on June 5, 2003, resulting in plaintiff's, along with three other inmates, being placed under suspicion and put in Administrative Segregation (Ad Seg).  Amended Complaint (AC), pp. 1, 4-5.  Although, along with the three other accused inmates, plaintiff was subsequently cleared of involvement in the tweezer theft by June 12, 2003, the four inmates, including plaintiff, were also investigated for possible drug use for which plaintiff believes there was no foundation, during which time plaintiff was not permitted to return to work.  Id., p. 2.  Even though plaintiff was found to have tested negative for drug use, he was not re-assigned to his work position.  Id. The confidential source who had accused plaintiff of theft and heroin use subsequently recanted. AC, p. 3. Plaintiff alleges that his second and third level appeal review, as well as his "Board of Claim" appeal were "not adequately reviewed."  AC, p. 2.  His classification was reduced; he was transferred to a lower custody yard and was not allowed back to his sewing job during the appeals process.  AC, pp. 2-3.

Plaintiff claims that defendants acted in retaliation in removing him from, and then keeping him from, his job.  In his initial complaint, plaintiff sought reinstatement of his job

and back pay as well as expungement from his central prison file of false information. However, in his amended complaint, plaintiff avers that he has been reinstated into his former job as of May 20, 2005, but claims that he was wrongfully deprived of his job because he had to "await a two year window period to be rehired." AC, p. 5-6. He contends that he is receiving .$30 an hour, rather than $.60 an hour, the pay he had been receiving at the time that he lost his job. AC, p. 5.

As plaintiff was informed in the court's May 25, 2005 order, in order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

The problem with plaintiff's claims of retaliation, or his effort to state such claims, is that they are circular. As to defendant Lincoln, plaintiff alleges that he never conducted an impartial preliminary investigation of the theft of the tweezers and did not interview plaintiff prior to putting him in Ad Seg. AC, p. 7. "[T]his was done out of retaliation for the tweezer loss, the retaliation is that a confidential source willingly used deceit alleging false allegations against plaintiff;" thereafter, defendant Lincoln "retaliated" against plaintiff for denying involvement in the theft of the tweezers or the use of illegal drugs by conducting an inadequate investigation and placing plaintiff in Ad Seg. AC, pp. 7-8.

These are not claims of retaliation. It is not enough to show a retaliatory motive on the part of defendant Lincoln for placing plaintiff in Ad Seg based on information that later proved unreliable; nor does defendant Lincoln's failure to give credence to plaintiff's denials of guilt state a claim of retaliation, if she, whether her investigation was adequate or not, simply did not believe him based on faulty information provided to her. Plaintiff is not stating a claim of retaliation when he says she "retaliated" against him when he denied his involvement; he is merely demonstrating that she possibly conducted an inefficient investigation, not setting forth an underlying motive for her to proceed against him.

Defendant Robinson is sued because he acknowledged that defendant Lincoln's June 5, 2003 memorandum was "unfounded and fabricated" with regard to the tweezer theft, but nevertheless chose to investigate plaintiff with respect to allegations of drug use. AC, p. 9. Plaintiff alleges that his urinalysis proved he was negative for drug use and defendant Robinson failed to properly follow through with his investigation and see that plaintiff's job was reinstated in a more timely manner. Id. Plaintiff alleges violations of state law in being deprived of his job for an extended period. Again, plaintiff claims that defendant Robinson "chose to retaliate against plaintiff based on fabricated information..." AC, p. 10. Plaintiff does not show retaliatory actions on the part of this defendant by simply stating that he investigated claims of plaintiff's drug use, false though they may have been in the end, when he merely alleges that Robinson investigated him or failed to immediately reinstate him into his job when his drug test proved negative. Plaintiff is not showing any motive for retaliation. It is not retaliation for the defendant simply to respond to allegations and follow through, thoroughly or not, with an investigation. Nor has plaintiff set forth the constitutionally protected conduct in which he was engaged for which these defendants retaliated.

Plaintiff attempts to frame similar claims of retaliation as defendants Warden Knowles, T. Hansen, Capt. Peters, N. Grannis, T. Surges, K. Johnson, Kirsten Cantrell, Christina M. Aceituno, J. Silva, Warden Campbell asserting that each acted in retaliation when they acted

on information from a confidential informant whose allegations ultimately proved false.  AC , pp. 11-19.  As to certain of these defendants, plaintiff also claims that in failing to grant his administrative appeals regarding his Ad Seg placement and seeking job reinstatement and backpay, the defendants were acting in retaliation for his having filed appeals.

In addition, to failing to set forth any retaliatory motive, plaintiff has a more fundamental hurdle that he has failed to overcome.  As the court informed plaintiff in its prior order, inmates have no constitutional right to work.  Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 845 (9th Cir. 1985).   Since plaintiff does not have a constitutional right to a prison job, much less to a particular job, he is not entitled to due process procedural protections prior to being deprived of his work, nor is he constitutionally entitled to any back wages for the loss of that job nor to reinstatement in his old position, which reinstatement he has nevertheless apparently attained at this point.  Plaintiff fails to state a constitutional claim as to the job-related claims.  In other words, even if plaintiff had set forth a retaliatory motive for the loss of his job, which in fact has proved temporary, he has failed to implicate constitutionally protected conduct, as he does not have a constitutional right to a prison job.  Thus, his allegations against defendants related to this claim must be dismissed.

As to his claims seeking to implicate defendants with respect to the denial of his appeals for reinstatement of his job for an extended period of time or to back pay or to a restoration of his former pay rate or to a change in his custody level, there is no constitutional right to an inmate appeals process in the first place.  Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10

(N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 484, 115 S. Ct. at 2300.[1] Losing a prison job for any period of time does not constitute such an atypical and significant hardship.

The state regulations upon which plaintiff relies, inter alia, Cal. Code Regs. tit. xv, §§ 3084.1, 3376.1, go to prison administrative procedures and do not implicate a constitutional liberty interest. Moreover, in general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569 (1972). The court will recommend dismissal of plaintiff's claims related to the processing of his grievances.

Also, to the extent that plaintiff seeks to revive any claims against either the California Department of Corrections or Mule Creek State Prison, as plaintiff has been previously informed, he is barred from doing so. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California, has not consented to suit.  Accordingly, plaintiff's claims against the California Department of Corrections and/or Mule Creek State Prison are frivolous and must be dismissed.

This court has determined that plaintiff has some claims that are colorable and has filed a concurrent order finding certain defendants appropriate for service as to some claims. Plaintiff has had two opportunities to set forth further colorable claims and has failed to do so. "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Noll, 809 F.2d 1446, 1448 (quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987).  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")  As to those defendants and claims which the court has now found not to be colorable in either the original or the amended complaint, the court recommends dismissal at this time.

In accordance with the above, IT IS RECOMMENDED that:1.  Defendants California Department of Corrections; Mule Creek State Prison; Correctional Captains R. Robinson and J. Peters; Corr. Lt. C. Lincoln; Corr. Counselor (CC) II's J. Silva, T. Hansen and K. Johnson; Director of (Appeal) Review T. Surges; Assistant Appeals Director N. Grannis;

1 | Govt. Claims Board Rep. Kirsten Cantrell; and Board of Claims Program Manager Christina M.
2 | Aceinto be dismissed; and
3 |     2. Plaintiff's claims of retaliation alleged against defendants Mule Creek State
4 | Prison Warden Roseanne Campbell and former Warden Mike Knowles be dismissed.
5 |   These findings and recommendations are submitted to the United States District Judge
6 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
7 | after being served with these findings and recommendations, plaintiff may file written objections
8 | with the court and serve a copy on all parties.  Such a document should be captioned "Objections
9 | to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
10 | objections within the specified time may waive the right to appeal the District Court's order.
11 | Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
12 | DATED: 1/9/06                                       /s/ Gregory G. Hollows
13 |                 GREGORY G. HOLLOWS
                UNITED STATES MAGISTRATE JUDGE

GGH:009
brav0113.amd